IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   1:21-cv-03121

JOSE A. BENCOMO,

   Plaintiff,

v.

WILLIAMS & FUDGE, INC.,

Defendant.

## COMPLAINT

**NOW COMES** JOSE A. BENCOMO ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of Defendant, WILLIAMS & FUDGE, INC., ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the District of Colorado, Defendant conducts business in the District of Colorado, and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a collection agency located at 300 Chatham Ave, Rock Hill, South Carolina 29730.

6. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as its principal business purpose is the collection of defaulted debts owed to others.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

8. Prior to the events giving rise to this action, Plaintiff was a registered student attending the University of Colorado, Colorado Springs.

9. Due to personal events rendering Plaintiff unable to complete his studies, Plaintiff incurred a past due balance owed to the university of roughly $3,700 ("subject debt").

10. In addition to the total balance owed, an interest rate of 12% was added each day the subject debt went unpaid.

11. Eventually the defaulted debt accumulated a balance of nearly $5,160 and the account was later placed in Defendant's hands for collection.

12. Shortly thereafter, Defendant began reporting the subject debt to Plaintiff's credit report.

13. In or around October 2021, Plaintiff began attempting to clear open collection accounts from his credit so that he may later purchase a home.

14. Specifically, Plaintiff noticed Defendant's reporting to his credit, Plaintiff then placed an outgoing phone call to Defendant to inquire more information regarding the subject debt and to attempt to fully resolve it.

15. During the telephone call, Plaintiff offered to settle the account for a total of $3,000 in exchange for a zero balance owed and all holds lifted from his student account at the University of Colorado, Colorado Springs.

16. Defendant then stated that it could not agree to the settlement amount offered by Plaintiff without speaking to their client for confirmation.

17. In or around the first week of November 2021, Plaintiff received an incoming call from Defendant providing a counter settlement offer for $4,753.95.

18. Plaintiff did not accept Defendant's counter offer and the call ended.

19. In the moments following Defendant's telephone call, Plaintiff placed an outgoing call to the University of Colorado, Colorado Springs, in hopes he could settle directly through its office.

20. The University of Colorado, Colorado Springs explained, the lowest amount that the subject debt could be settled for was the total amount owed to the university and half the cost of accrued late fees.

21. Despite the University of Colorado, Colorado Springs explanation regarding a settlement, Plaintiff was also informed that he would still need to pay the subject debt to Defendant and they would report the account as paid to the university.

22. After he considered University of Colorado, Colorado Springs advice, Plaintiff contacted Defendant to offer the settlement previously explained to him.

23. On November 4, 2021, Plaintiff spoke with Defendant and offered to pay the balance of the original debt and half of the late fees associated with it; just like the University of Colorado, Colorado Springs told him.

24. Defendant agreed to Plaintiff's terms as outlined above, and had given a total settlement amount to close the account for $3,810.68.

25. Plaintiff agreed to the amount and confirmed with Defendant that if he completed this payment no other balances would be owed and the hold on his student account with University of Colorado, Colorado Springs would be lifted.

26. After Defendant confirmed the settlement terms, Plaintiff completed an over the phone payment of $3,810.68.

27. Furthermore, Plaintiff contacted University of Colorado, Colorado Springs once more after completing the payment as agreed, and confirmed with its office that no balances were owed and the student hold was lifted.

28. Nearly a week after the payment was taken from his account, Plaintiff began receiving collection calls placed by Defendant demanding that Plaintiff call to discuss an issue with his subject debt.

29. Plaintiff returned Defendant's call and spoke with a representative who apologized for their call as his account was showing as paid off indicating nothing further was needed from Plaintiff.

30. Later that same day on November 8, 2021, Plaintiff received three more telephone collection calls from Defendant requesting to speak regarding the subject debt.

31. Plaintiff answered Defendant's incoming call and spoke with the same representative whom he completed the settlement with.

32. Defendant's representative explained that the settlement Plaintiff completed on November 4, 2021 was completed in error and demanded an additional $952.67 to settle the subject debt.

33. Specifically, Defendant stated it read the wrong note and the amount of $3,810.68 was the total the university was to receive and the additional $952.67 was collection cost.

34. Plaintiff was appalled that Defendant attempted to go back on their end of the settlement and collect additional money after Plaintiff had already completed the payment as agreed on November 4, 2021.

35. Defendant continued to denounce the previous settlement agreement and provided Plaintiff with three options to settle the subject debt as follows:

   a) Plaintiff could pay the addition $952.67 to satisfy the subject debt;

   b) Defendant could apply the previous payment of $3,810.68 to the entire balance of $5,160 and the remaining difference would still be owed by Plaintiff;

   c) Lastly, Defendant offered to refund the payment of $3,810.68 to Plaintiff if he was unwilling to pay an additional $952.67 to settle the debt.

36. Plaintiff did not agree to any of the three options provided by Defendant and stated that it should honor the previous settlement agreement as he completed payment.

37. Defendant continued denounce Plaintiff's settlement. Defendant claimed that the settlement is no longer valid and accused Plaintiff of refusing to pay the subject debt.

38. Plaintiff stated they he was not refusing to pay as the subject debt because it was already settled in full, per their last conversation.

39. Plaintiff believed Defendant misled him into completing a payment in order to pay off the subject debt, retracted its previous settlement agreement after accepting Plaintiff's funds, and bombarded Plaintiff with harassing calls to collect on addition funds not owed.

40. Moreover, while speaking with Defendant, Plaintiff was not read his Mini-Miranda rights causing further confusion as to the insight of his rights when speaking with a debt collector.

41. Plaintiff felt extremely worried that there could be negative consequences if he did not pay the debt, even though he knew that it had been previously settled by the Defendant.

42. Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences.

43. Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

**COUNT I – DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

46. The subject debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

47. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is to collect defaulted debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

48. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects defaulted debts owed or asserted to be owed or due to another.

49. Defendant used the mail to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

50. Defendant violated 15 U.S.C. §§1692e, e(2), e(10), e(11), f, and f(1) through its unlawful collection practices.

    a.    **Violations of FDCPA §1692e**

51. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the subject debt. The subject debt was not owed at the time Defendant demanded payment from Plaintiff as the subject debt was paid as agreed and settled on November 4, 2021.

52. Defendant acted wrongfully when it mislead Plaintiff into completing a settlement payment on November 4, 2021, in the amount of $3,810.68 to pay off the subject debt; however, Defendant continued to attempt to collect additional funds thereafter knowing the Plaintiff is no longer responsible for any amount owed on subject debt, essentially breaching its own contract.

53. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. Defendant attempted to collect the subject debt from Plaintiff despite Plaintiff no longer owing the subject debt. After completing the settlement on November 4, 2021, Defendant knew Plaintiff did not have any legal obligation to pay the subject debt. Despite having actual knowledge of the completed settlement, Defendant bombarded Plaintiff with harassing telephone calls in an attempt to dragoon Plaintiff into paying a debt that was not owed.

54. Furthermore, Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt as Defendant communicated that Plaintiff still owed the debt even though it had previously settled and released by the Defendant on November 4, 2021.

55. Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure additional payments of the subject debt, Defendant attempted to retract a previous settlement that it fully executed with Plaintiff to collect on additional funds not owed.

56. Specifically, Plaintiff was told by Defendant on November 4, 2021, the subject debt could be settled for a onetime payment of $3,810.68. That same day, Plaintiff completed the onetime payment and received verbal confirmation the subject debt was satisfied.

57. Defendant violated 15 U.S.C. §1692e(11) when it failed to provide the proper debt collecting disclosures required during the November 8, 2021 telephone call.

    **b.    Violation of FDCPA §1692f**

58. Defendant violated §1692f when it used unfair and unconscionable means to collect the subject debt. The subject debt was no longer owed at the time Defendant demanded payment, but Defendant bombarded Plaintiff with harassing telephone calls anyway in hopes that Plaintiff would make a payment.

59. In addition, Defendant unconscionably attempted to rescind its November 4th settlement offer after Plaintiff completed the onetime payment.

60. Defendant violated §1692f(1) by attempting to collect the subject debt from Plaintiff when he no longer owed the subject debt as it was settled and released from Plaintiff's

obligations. By operation of law, Defendant did not have a legal right to collect a debt not legally owed at the time Defendant requested additional payment.

61. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was not owed at the time it made demands for payment.

62. Upon information and belief, Defendant has no system in place to identify and cease collection of debts not owed.

63. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff JOSE A. BENCOMO requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: November 19, 2021                        Respectfully Submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com